HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RAYMOND HILLSTROM, individually and as Personal Representative of the Estate of RONALD HILLSTROM, deceased; and MARGARET HILLSTROM, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>PIERCE COUNTY, a political subdivision of the State of Washington; PAUL PASTOR; MIKE BLAIR; and JOHN DOES 1 through 5;<br><br>Defendants. | NO. 3:14-cv-5845-BHS<br><br><br><br>DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)<br><br>Note on Motion Docket for December 12, 2014 |

## I.   INTRODUCTION

Defendants Pierce County, Paul Pastor and Mike Blair, through their attorneys, Mark Lindquist, Pierce County Prosecuting Attorney, and Michelle Luna-Green and Sean M. Davis, Deputy Prosecuting Attorneys, move to dismiss this cause of action pursuant to Fed. R. Civ. P. 12(b)(6).

As pled, the complaint overlooks two fundamental prerequisites to filing a lawsuit: (1) whether the individual actors or municipality named may legally be held accountable for the alleged actions of others, and (2) whether the individual plaintiffs have the capacity to sue.

DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) - 1
Hillstrom Mot to Dismiss.docx
USDC WAWD No 3:14-cv-5845-BHS

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main Office: (253) 798-6732
Fax: (253) 798-6713

Because of this, the complaint overreaches and tries to attribute vicarious liability to supervisors and Pierce County. Further, the complaint overreaches by trying to include recovery for plaintiffs who are statutorily not authorized to recover under Washington's Wrongful Death Statutes. For these reasons the Defendants seek dismissal at this time of all claims against Sheriff Paul Pastor and Chief Blair, dismissal of 42 U.S.C. §1983 against Pierce County and dismissal of Raymond and Margaret Hillstrom 42 U.S.C. §1983 Fourth[1] Amendment and negligence claims so that the parties may focus litigation on matters properly before the court.

## II. STATEMENT OF FACTS/PROCEDURE

Plaintiffs file this cause of action alleging:

(1) Unconstitutional use of excessive force by officers John Does 1-5 under 42 U.S.C. §1983 (Doc. 1, Complaint sec. IV);

(2) Violations of constitutional rights by Pierce County, Sheriff Paul Pastor, and Chief Mike Blair based on a theory of customs and policies, failure to train, ratification of conduct and alleging that the actions were reckless and therefore plaintiffs are entitled to punitive damages ( Doc. 1, Complaint sec. V); and

(3) Negligence by all defendants (Doc. 1, Complaint sec. VI).

## III. LAW AND ARGUMENT

*General 12(b)(6) law*

A claim may be dismissed under Rule 12(b)(6) either because it asserts a legal theory that is not cognizable as a matter of law, or because it fails to allege sufficient facts to support an otherwise cognizable legal claim. *SmileCare Dental Group v. Delta Dental Plan of*

---

[1] The Hillstroms also bring a Fourteenth Amendment claim for loss of companionship with their adult child. Doc. 1, Complaint at ¶29. The Defendants will bring a motion at a later time regarding their standing as to this allegation.

DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) - 2
Hillstrom Mot to Dismiss.docx
USDC WAWD No 3:14-cv-5845-BHS

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main Office: (253) 798-6732
Fax: (253) 798-6713

*California*, Inc., 88 F.3d 780, 783 (9th Cir.1996). In addressing a Rule 12(b)(6) challenge the Court accepts all factual allegations in the complaint as true *(Hospital Bldg. Co. v. Trustees of the Rex Hospital*, 425 U.S. 738, 740 (1976)), and construes the pleading in the light most favorable to the nonmoving party. *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir. 1989).

A. PLAINTIFFS HAVE FAILED TO MEET THE PLEADING STANDARD UNDER *TWOBLY*, *MONELL,* AND *IQBAL* REQUIRING DISMISSAL OF INDIVIDUAL CLAIMS AGAINST SHERIFF PASTOR AND CHIEF BLAIR AND ALL CLAIMS AGAINST PIERCE COUNTY.

The Complaint fails to allege a proper claim of excessive force against the individually named supervisors or Pierce County. Because the analysis for the County and the individual defendants overlap, this section will first outline the *Twobly* and *Monell* pleading requirements and the individual liability pleading standard under *Iqbal*. Then, in turn, this section will analyze the complaint deficiency for both the individually named supervisors and the County under theories of liability for policy, lack of policy or training, or ratification of conduct.

### *The Twobly Standard*

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (*quoting Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929).

A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S., at 555, 127 S.Ct. 1955. Nor

DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) - 3
Hillstrom Mot to Dismiss.docx
USDC WAWD No 3:14-cv-5845-BHS

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main Office: (253) 798-6732
Fax: (253) 798-6713

does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S.Ct. 1955. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, at 570, 127 S.Ct. 1955. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. 678, *citing Twombly,* at 556, 127 S.Ct. 1955. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. 678, (*quoting, Twombly*, 550 U.S. 557). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*

### *Excessive Force Framework*

To succeed on their Fourth Amendment claim, the Plaintiffs must allege facts from which the court could plausibly infer: (1) that excessive force[2] was used against Hillstrom; (2)

---

[2] Excessive force is of course analyzed under the Fourth Amendment *Graham v. Connor*, framework. 490 U.S. 386, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (U.S. 1989). As argued *infra*, because the complaint clearly pleads a case of excessive force against the John Does, this brief will not analyze the *Graham* standards. Instead the focus is whether the proper *Monell* and *Ibqal* standard are met for individual supervisor and County liability. *See Moss v. U.S. Secret Serv*., 675 F.3d 1213, 1229-1230 (holding that the complaint properly alleged excessive force but not with respect to supervisor liability).

Plaintiffs' also bring a Fourteenth Amendment claim. The Ninth Circuit has recognized that parents have a Fourteenth Amendment liberty interest in the companionship and society of their children. *Curnow ex rel. Curnow v. Ridgecrest Police*, 952 F.2d 321, 325 (9th Cir.1991). Official conduct that "shocks the conscience" in depriving parents of that interest is cognizable as a violation of due process. *Porter*, 546 F.3d at 1137. In determining whether excessive force shocks the conscience, the court must first ask "whether the circumstances are such that actual deliberation [by the officer] is practical." *Id*. at 1137 (quoting Moreland v. Las Vegas Metro. Police Dep't, 159 F.3d 365, 372 (9th Cir.1998) (internal quotation marks omitted)). Where actual deliberation is practical, then an officer's "deliberate indifference" may suffice to shock the conscience. *Id.* "On the other hand, where a law enforcement officer makes a snap judgment because of an escalating situation, his conduct may only be found to shock the conscience if he acts with a purpose to harm unrelated to legitimate law enforcement objectives" *Wilkinson v. Torres*, 610 F.3d 546, 554 (9th Cir. 2010). "For example, a purpose to harm might be found where an officer uses force to bully a suspect or 'get even.' " *Id.*, *citing Porter* at 1137. It appears that the Fourteenth Amendment Violations are only brought against the John Does 1-5. *See* Doc. 1, Complaint ¶29. If it is argued that the Fourteenth Amendment violations are also brought against the County and supervisors, then Defendants rely on the same arguments provided *infra* regarding the Fourth Amendment as to why the

DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) - 4
Hillstrom Mot to Dismiss.docx
USDC WAWD No 3:14-cv-5845-BHS

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main Office: (253) 798-6732
Fax: (253) 798-6713

that the law at the time of the incident clearly established that the force used was unconstitutionally excessive; and (3) that even though they were not present at the incident, Sheriff Pastor and Chief Blair played a sufficient role in the use of excessive force that they may be held liable for it, or the County had a policy which was deliberately indifferent and was the moving force behind the excessive force. *Moss v. U.S. Secret Serv.,* 675 F.3d 1213, 1229 (9th Cir. 2012) *opinion amended and superseded on denial of reh'g*, 711 F.3d 941 (9th Cir. 2013) cert. granted sub nom. *Wood v. Moss*, 134 S. Ct. 677, 187 L. Ed. 2d 544 (2013) and rev'd sub nom. *Wood v. Moss*, 134 S. Ct. 2056, 188 L. Ed. 2d 1039 (2014).

### *Pleading requirement under Monell[3]*

Pursuant to *Monell*, a "local government may not be sued under §1983 for an injury inflicted solely by its employees or agents." 436 U.S. at 694. Rather, to establish § 1983 municipal liability, a plaintiff must prove that (1) he was deprived of a constitutional right; (2) the municipality had a custom or policy; (3) that amounted to a deliberate indifference to the plaintiff's constitutional right; and (4) the policy was the moving force behind the constitutional violation. *Burke v. County of Alameda*, 586 F.3d 725, 734 (9th Cir.2009) (*citing Monell*, 436 U.S. at 694.

In addition to having an official policy or custom which results in a constitutional violation, a plaintiff may also establish municipal liability by showing an "omission" or "ratification" of an action. More specifically, (1) that omissions or failures to act amount to a local government policy of "deliberate indifference" to constitutional rights; or (2) that a local government official with final policymaking authority ratifies a subordinate's unconstitutional

---

Fourteenth Amendment violations, as pled, must be dismissed. The pleadings do not establish how Pierce County or the individual supervisor defendants were the driving force behind any alleged force that "shocks the conscience."

[3] *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 708, 98, S.Ct. 2018, 56 L.Ed.2d 611 (1978).

DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) - 5
Hillstrom Mot to Dismiss.docx
USDC WAWD No 3:14-cv-5845-BHS

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main Office: (253) 798-6732
Fax: (253) 798-6713

conduct. *See Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1249–50 (9th Cir. 2010) (synthesizing Supreme Court authorities). In addition to these parameters, plaintiff must also allege direct involvement of the supervisors, as outlined *supra*. All three theories of supervisor and municipal liability fail on the face of the complaint. Each will be discussed in turn below.

### *Ibqal's stricter standard for pleading supervisor liability under Monell*

The U.S. Supreme Court recently clarified the pleading requirements under *Twobly*, and §1983 or *Bivens*[4] actions, and requires more than what is recited in this action:

> In a § 1983 suit or a Bivens action—where masters do not answer for the torts of their servants—the term "supervisory liability"is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct

*Ashcroft v. Iqbal*, 556 U.S. 662, 677, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).[5]

The Ninth Circuit looked to *Iqbal* in *Moss v. U.S. Secret Serv*. and held that the plaintiffs in a protest/excessive force action had failed to state a claim of supervisor liability based on conclusory pleadings. 675 F.3d at 1230. Specifically, the court noted:

> First, the protestors allege that Ruecker, as "Superintendent of the Oregon State Police" was "responsible for directing the operations of the Oregon State Police and supervising the law enforcement officers and agents acting under his authority." Similarly, they allege that Rodriguez, as Captain of the Southwest Regional Headquarters of the Oregon State Police, was "responsible for directing the operations of said Headquarters and supervising the law enforcement officers and agents acting under his authority." These allegations are merely recitations of the organizational role of these supervisors. The protestors make no allegation that the supervisors took any *specific action* resulting in the use of excessive force by police officers on the scene of the anti-Bush demonstration.

---

[4] *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).
[5] In *Iqbal*, the plaintiff had filed a *Bivens* action alleging violation of constitutional rights, including against former Attorney General Ashcroft. The Complaint alleged that "petitioners agreed to subject him to harsh conditions as a matter of policy, solely on account of discriminatory factors and for no legitimate penological interest; that Ashcroft was that policy's "principal architect," but the court found that these allegations were "conclusory" and "not entitled to be assumed true." *Ashcroft v. Iqbal*, 556 U.S. 662, 664, 129 S. Ct. 1937, 1941, 173 L. Ed. 2d 868 (2009).

DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) - 6
Hillstrom Mot to Dismiss.docx
USDC WAWD No 3:14-cv-5845-BHS

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main Office: (253) 798-6732
Fax: (253) 798-6713

*Moss v. U.S. Secret Serv.*, 675 F.3d at 1231, *emphasis added*.

In addition the court also found the failure to train allegation was not enough to support supervisor liability:

> Finally, the protestors claim that "the use of overwhelming and constitutionally excessive force against them" was "the result of inadequate and improper training, supervision, instruction and discipline ... under the personal direction ... of the State and Local Police Defendants." However, this allegation is also conclusory. The protestors allege no facts whatsoever about the officers' training or supervision, nor do they specify in what way any such training was deficient.

*Moss v. U.S. Secret Serv.*, 675 F.3d at 1231.

The rationale behind a stricter pleading requirement is that when a plaintiff calls out a state actor individually – they must have some personal involvement in the constitutional violation. *See Iqbal*, 556 U.S. 662, 677.

Plaintiffs' complaint pleads a case of vicarious liability for Sheriff Paul Pastor and Captain Mike Blair under sec. 1983. Complaint, Doc. 1, pg. 7-8, §V. The complaint suffers from the same flaws as *Ibsen* and *Moss*. The complaint attempts to call out Sheriff Pastor and Chief Blair, but does so in a conclusory fashion, without any reference to what ***individual specific action*** they took to cause the alleged constitutional violation. (*See* Complaint, sec. V, ¶ 38-48). The Complaint must allege what knowledge Sheriff Pastor and Chief Blair had, which would lead to a showing that they acted with "deliberate indifference."

Turning to the potential theories of liability under *Monell* for both the supervisors and the County, each theory for "failure to train," "policy or custom," and "ratification of conduct" must fail.

DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) - 7
Hillstrom Mot to Dismiss.docx
USDC WAWD No 3:14-cv-5845-BHS

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main Office: (253) 798-6732
Fax: (253) 798-6713

## 1. FAILURE TO TRAIN - ¶40, 41, 42, 43, 44.

"In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983." *Connick v. Thompson*, ––– U.S. ––––, 131 S.Ct. 1350, 1359, 179 L.Ed.2d 417 (2011). "A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Id.* (*citing Oklahoma City v. Tuttle*, 471 U.S. 808, 822–23, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985) (plurality opinion) ("[A] 'policy' of 'inadequate training' " is "far more nebulous, and a good deal further removed from the constitutional violation, than was the policy in Monell."). To satisfy the statute, the local government's failure to train its employees in a relevant respect must amount to "deliberate indifference to the rights of persons with whom the [untrained employees] come into contact." *Id.* (*quoting Canton*, 489 U.S. at 388). Only then "can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983." *Id*. at 1359–60 (*quoting Canton*, 489 U.S. at 389)." '[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Id*. at 1360 (*quoting Board of Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 410, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997)).

Here, plaintiffs' complaint fails to outline how Sheriff Pastor or Chief Blair, as the elected Sheriff and acting chief, deliberately disregarded a known or obvious consequence of their actions and that such deliberate indifference was the driving force behind the alleged beating and ultimate outcome. In fact, as pled,[6] it appears that no amount of training or oversight would have cured the alleged actions since it is plaintiffs' positions that these officers attack citizens who pose no threat to themselves or others and who were law abiding

---

[6] Because this is a motion under 12 (b)(6) the defendants are left with the alleged facts as pled.

DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) - 8
Hillstrom Mot to Dismiss.docx
USDC WAWD No 3:14-cv-5845-BHS

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main Office: (253) 798-6732
Fax: (253) 798-6713

at the time of the acts. There is no need to train against the most patently obvious misconduct. *See Doe v. Dickenson*, 615 F. Supp. 2d 1002, 1009 (D. Ariz. 2009),[7] s*ee also Young v. City of Visalia*, 687 F.Supp.2d 1141, 1149 (E.D.Cal.2009) (holding that under *Iqbal*, where a "complaint does not identify what the training and hiring practices were, how the training and hiring practices were deficient, or how the training and hiring practices caused [p]laintiffs' harm[,]"such "threadbare" conclusory allegations will not support the claim); *Canas v. City of Sunnyvale*, 2011 WL 1743910, at *5 (N.D.Cal. Jan. 19, 2011) ("Other than alleging that the officers' EMT training was inadequate [to] enable them to assist the Decedent after he was shot, Plaintiffs do not explain in detail how the City's alleged policies or customs are deficient, nor do they explain how the alleged policies or customs caused harm to Plaintiffs and the Decedent. At most, the allegations permit the Court to infer a 'mere possibility of misconduct' on behalf of the City.... Fed.R.Civ.P. 8 'does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.' ").

This point is also underscored by the fact that the complaint does not identify any of the individual officers – perhaps because this wrongful death complaint comes just five months post the incident. The Complaint names John Doe officers, but then alleges that these unidentified officers are all with Pierce County and, more specifically, falls under a particular Chief. How, without knowing the identity of the officers involved, can the plaintiff state a claim against the department for failure to train, much less against the department supervisors.

---

[7] Arizona looked to the 2nd Cir. In support of this logical concept: "It is not enough to show that a situation will arise and that taking the wrong course in that situation will result in injuries to citizens.... *City of Canton* also requires a likelihood that the failure to train or supervise will result in the officer making the wrong decision. Where the proper response ... is obvious to all without training or supervision, then the failure to train or supervise is generally not 'so likely' to produce a wrong decision as to support an inference of deliberate indifference by city policymakers to the need to train or supervise." (*quoting Walker v. City of New York*, 974 F.2d 293, 299–300 (2d Cir.1992).

DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) - 9
Hillstrom Mot to Dismiss.docx
USDC WAWD No 3:14-cv-5845-BHS

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main Office: (253) 798-6732
Fax: (253) 798-6713

These same arguments holds true with respect to the allegations against Pierce County. It is inconceivable what training Pierce County could have mandated to prevent the acts as alleged here.

### 2. POLICY/CUSTOM OR FAILED TO ADOPT POLICIES - ¶39, 40, 41, 42, 46.

"The existence of a policy, without more, is insufficient to trigger local government liability under section 1983*." Oviatt By & Through Waugh v. Pearce*, 954 F.2d 1470, 1477-78 (9th Cir. 1992), *citing City of Canton*, 489 U.S. at 388–89, 109 S.Ct. at 1204. "Under *City of Canton*, before a local government entity may be held liable for failing to act to preserve a constitutional right, plaintiff must demonstrate that the official policy 'evidences a 'deliberate indifference' "to his constitutional rights. *Id., quoting City of Canton*. at 389, 109 S.Ct. at 1205. This occurs when the need for more or different action "is so obvious, and the inadequacy [of the current procedure] so likely to result in the violation of constitutional rights, that the policymakers ... can reasonably be said to have been deliberately indifferent to the need." Id. at 390, 109 S.Ct. at 1205.

In order to establish a custom plaintiff must allege that Defendants' acts were undertaken pursuant to a practice "so permanent and well settled as to constitute a 'custom or usage' with the force of law." *Monell*, 436 U.S. at 691; *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1444 (9th Cir.1989). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir.1996) (citations omitted); see also, *Meehan v. Los Angeles Cnty*., 856 F.2d 102 (9th Cir. 1988) (two incidents not sufficient to

///

DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) - 10
Hillstrom Mot to Dismiss.docx
USDC WAWD No 3:14-cv-5845-BHS

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main Office:  (253) 798-6732
Fax:  (253) 798-6713

establish custom); *Davis v. Ellensburg*, 869 F.2d 1230 (9th Cir. 1989) (manner of one arrest insufficient to establish policy).

The backbone of plaintiffs' pleading is to use the titles "Sheriff" and "Chief" to impose supervisor liability. See Doc. 1, Complaint, ¶ 3 & 4. But post *Ibqual*, *supra,* this is not enough. A pleading cannot call out an official based on a title and say that because of that title they are the driving force behind a constitutional violation. Plaintiff must plead what specific policy or widespread custom Sheriff Pastor or Chief Blair adopted which resulted in a constitutional violation. The complaint fails to do so.

The complaint also fails to state a claim against Pierce County. Just because there was an in-custody death does not mean it was the result of a policy or custom. *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 123, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988) (*citing City of Oklahoma City v. Tuttle*, 471 U.S. 808, 821, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985))("[A]n unjustified shooting by a police officer cannot, without more, be thought to result from official policy.")

Plaintiffs' complaint fails to point out specifically what custom or policy Sheriff Pastor or Blair drafted, directed, or implemented, which resulted in the harm alleged here. Further the complaint fails to specify what policy Pierce County has or should have in order to prevent the alleged harm here. Again, it is difficult to imagine any policy currently in existence or that could be drafted, as pled, that would direct the alleged acts here.

### 3. RATIFICATION OF CONDUCT - ¶46.

In limited circumstances a supervisor's subsequent "ratification"of another's conduct can form the basis for liability under § 1983. See *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir.1991); *Logan v. City of Pullman Police Dept.*, 2006 WL 1148727, *2

DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) - 11
Hillstrom Mot to Dismiss.docx
USDC WAWD No 3:14-cv-5845-BHS

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main Office: (253) 798-6732
Fax: (253) 798-6713

(E.D.Wash.2006) (*citing Haugen v. Brosseau*, 351 F.3d 372, 393 (9th Cir.2003), *rev'd on other ground*, 543 U.S. 194, 125 S.Ct. 596, 160 L.Ed.2d 583 (2004)). The decision to ratify specific conduct, however, must approve both the subordinate's decision and the basis for it, and the ratification decision must be "the product of a 'conscious, affirmative, choice' to ratify the conduct in question." *Haugen*, 351 F.3d at 393. It must be a decision to ratify unconstitutional conduct. *Logan*, 2006 WL 1148727, *4. Importantly, the circumstances of the ratification must also demonstrate that the ***supervisor had previously set in motion acts*** of others which caused the others to inflict a constitutional injury. *Larez*, 946 F.2d at 645–46, *emphasis added*.

In the instant case, there are no facts pled that Sheriff Pastor, Chief Blair, or Pierce County previously set in motion the acts which caused the alleged constitutional injury or that there was a conscious, affirmative, choice, made to ratify the conduct. Accordingly, this theory of *Monell* must fail as well.

B. THIS COURT MUST ALSO DISMISS THE NEGLIGENCE CLAIMS AGAINST PAUL PASTOR AND CHIEF BLAIR.

Plaintiffs have not provided facts sufficient to state a claim against the Sheriff Pastor and Chief Blair under state law because acts of public officers in managing governmental entities "are acts of the corporation, not their individual acts, and they are not bound to answer personally, merely because their official relation to the corporation, either for its contracts or for torts committed by its subordinate agents or employees." *Shimada v. Diking Dist. No. 12 of Skagit County*, 139 Wash. 168, 170 (1926). *See also* McQuillan Mun. Corp. §12,226 at 350 (3rd ed. 2002) (a "public officer is not liable for the subordinates' acts unless he or she directs the performance of the act complained of or personally cooperates in it").

DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) - 12
Hillstrom Mot to Dismiss.docx
USDC WAWD No 3:14-cv-5845-BHS

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main Office: (253) 798-6732
Fax: (253) 798-6713

The negligence action brought against the individual actors currently named, both Chief Blair and Sheriff Pastor, should be dismissed.

C. PLAINTIFFS MARGARET AND RAYMOND HILLSTROM LACK STANDING TO BRING SUIT INDIVIDUALLY.

**1. Fourth Amendment Rights Cannot Be Asserted Vicariously for the Benefit of Plaintiffs**

The rights of the Fourth Amendment are personal and may not be vicariously asserted. *Moreland v. Las Vegas Metropolitan Police Dept.,* 159 F.3d 365, 369 (9th Cir.1998). A plaintiff may only pursue a § 1983 claim "that accrued before death survives the decedent when state law authorizes a survival action as a 'suitable remed[y]…not inconsistent with the Constitution and laws of the United States…'" *Smith v. City of Fontana,* 818 F.2d 1411, 1416 (9th Cir.1987), overruled on other grounds, *Hodgers-Durgin v. de la Vina,* 199 F.3d 1037 (9th Cir.1999). Federal courts look to state law wrongful death and survival statutes in determining the viability of Section § 1983 claims. Specifically the Ninth Circuit has routinely held, "survival actions are permitted under § 1983 if authorized by the applicable state law." *Byrd v. Guess,* 137 F.3d 1131 (9th Cir. 1998), *abrogation on other grounds recognized by Moreland v. Las Vegas Metro. Police*, 159 F.3d 365, 369–70 (9th Cir.1998)).). In *Byrd* the Plaintiff failed to allege their representative capacity in their complaint, which barred them from suit under California law.

**2. Washington Law Does Not Provide Individual Standing for Plaintiffs.**

The plaintiffs seeking to bring a survival action bear the burden of demonstrating that a particular state's law authorizes a survival action and that they have met the state requirements. *Byrd*, 137 F.3d 1131. Here, Plaintiffs have failed to meet this burden. Claims for wrongful death are purely statutory.

DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) - 13
Hillstrom Mot to Dismiss.docx
USDC WAWD No 3:14-cv-5845-BHS

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main Office: (253) 798-6732
Fax: (253) 798-6713

All four of Washington's statutory causes of actions related to wrongful death require that parents be "dependent for support on a deceased adult child in order to recover." *Philippides v. Bernard,* 151 Wash.2d 376, 388, 88 P.3d 939 (2004). RCW 4.20.020; RCW 4.20.046; RCW 4.20.060 all contain the phrase "dependent for support." This phrase has routinely been read as referencing financial dependence by the courts. *Philippides,* 151 Wash.2d at 386, 88 P.3d 939 (2004).

Under Washington's **general survival statute**, "all causes of action ... shall survive to the personal representative[ ]"of the estate. RCW 4.20.046. The personal representative, however, "shall only be entitled to recover damages for pain and suffering, anxiety, emotional distress, or humiliation ... on behalf of "parents and siblings "who ***may be dependent*** upon the deceased person for support."*Id*. § 4.20.046, 4.20.020, *emphasis added*. Therefore, while the Raymond Hillstrom in his representative capacity has standing to pursue the Fourth–Amendment claims—he may not pursue non-economic damages because his family was not financially dependent.

Washington's **special survival statute**, R.C.W. § 4.20.060, which provides for recovery of damages to the statutory beneficiaries rather than the estate, dictates that the Hillstroms have no standing as it is restricted to dependent parents and siblings. *See Otani ex rel. Shigaki v. Broudy*, 151 Wash.2d 750, 756, 92 P.3d 192 (2004) ("recovery under the general survival statute is for the benefit of, and passes through, the decedent's estate, whereas recovery under the special survival statute is for the benefit of, and is distributed directly to, the statutory beneficiaries").

Similarly, the wrongful death statutes fail to provide Plaintiffs standing in their individual capacity. Under § 4.20.010, the personal representative may maintain "an action for

DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) - 14  
Hillstrom Mot to Dismiss.docx  
USDC WAWD No 3:14-cv-5845-BHS

Pierce County Prosecuting Attorney/Civil Division  
955 Tacoma Avenue South, Suite 301  
Tacoma, Washington 98402-2160  
Main Office: (253) 798-6732  
Fax: (253) 798-6713

damages against the person causing the death." RCW 4.20.010. The purpose of the statute is to "compensate [beneficiaries] for the loss of economic and perhaps other benefits they would have received from the decedent." David K. DeWolf & Keller W. Allen, Washington Practice: Tort Law & Practice § 6.5 (2012*); see also Parrish v. Jones*, 44 Wash.App. 449, 453, 722 P.2d 878 (1986) ("the measure of damages is the actual pecuniary loss suffered by the surviving beneficiaries from the death of a relative"). But the statutory beneficiaries of the wrongful-death statute are again restricted by the same statute cited above: if the decedent leaves no spouse or children, only financially dependent parents and siblings may recover. RCW 4.20.020.

Lastly, Washington law provides a direct action by parents "for the injury or death of a minor child, or a child on whom either, or both, are dependent for support ...."(.) RCW 4.24.010. Because Plaintiffs were not financially dependent on Hillstrom, they fall outside the plain language of the direct-action statute.

Therefore, under Washington law the only avenue for relief is via the general survival statute (RCW 4.20.046), for Hillstrom to pursue the Fourth–Amendment and negligence claim as representative of Hillstrom's estate. Accordingly, the claims on behalf of Raymond and Margaret Hillstrom for both Fourth Amendment constitutional violations and negligence must be dismissed. Only claims brought in the representative capacity may remain and damages are limited.

### IV. CONCLUSION

For the foregoing reasons Defendants request this court (1) DISMISS all 42 U.S.C. §1983 claims against Sheriff Paul Pastor, Chief Blair and Pierce County because they are based on barebones assertions of supervisor/*Monell* liability, (2) DISMISS Negligence claims brought

DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) - 15  
Hillstrom Mot to Dismiss.docx  
USDC WAWD No 3:14-cv-5845-BHS  

Pierce County Prosecuting Attorney/Civil Division  
955 Tacoma Avenue South, Suite 301  
Tacoma, Washington 98402-2160  
Main Office: (253) 798-6732  
Fax: (253) 798-6713

against Sheriff Paul Pastor and Chief Blair, and (3) DISMISS Negligence and 42 U.S.C. §1983 Fourth Amendment actions brought on behalf of Raymond and Margaret Hillstrom where Washington's Wrongful Death statute does not give them the capacity to sue.

DATED this 17th day of November, 2014.

MARK LINDQUIST
Prosecuting Attorney

s/ MICHELLE LUNA-GREEN
MICHELLE LUNA-GREEN
State Bar Number 27088
Pierce County Prosecutor/ Civil
955 Tacoma Avenue South, Suite 301
Tacoma, WA 98402-2160
PH: (253) 798-6380 / Fax: (253) 798-6713
E-mail: mluna@co.pierce.wa.us


s/ SEAN M. DAVIS
SEAN M. DAVIS
State Bar Number 42109
Pierce County Prosecutor / Civil
955 Tacoma Avenue South, Suite 301
Tacoma, WA 98402-2160
Ph: 253-798-6514 / Fax: 253-798-6713
E-mail: Sean.Davis@co.pierce.wa.us

**CERTIFICATE OF SERVICE**

On November 17, 2014, I hereby certify that I electronically filed the foregoing DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

s/ DEBRA BOND
DEBRA BOND. Legal Assistant
Pierce County Prosecutor's Office
Civil Division, Suite 301
955 Tacoma Avenue South
Tacoma, WA 98402-2160
Ph: 253-798-6083 / Fax: 253-798-6713

DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) - 16
Hillstrom Mot to Dismiss.docx
USDC WAWD No 3:14-cv-5845-BHS

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main Office: (253) 798-6732
Fax: (253) 798-6713